```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------
WILLIAM CHUE,

               Petitioner,         04 Civ. 8668 (JGK)
                                                     94 Cr. 626 (RLC)

    - against -

UNITED STATES OF AMERICA,         MEMORANDUM OPINION AND
                                                        ORDER

             Respondent.
------------------------------------------------

**JOHN G. KOELTL, District Judge**

    The petitioner, William Chue, filed a timely application for a certificate of appealability from the denial of his petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  The § 2255 petition was denied by Judge Robert Carter on June 29, 2010.  The case was subsequently transferred to this Court, after Judge Carter had died, before any decision on the application for a certificate of appealability was rendered.  The application for a certificate of appealability was docketed in the petitioner's criminal case: <u>United States v. William Chue</u>, No. 94 Cr. 626 (S.D.N.Y. Aug. 23, 2010), at ECF No. 429.

    The petitioner pleaded guilty in May, 1995, to a superseding information that contained one count of participating in the affairs of a racketeering organization, in violation of 18 U.S.C. § 1962(c) ("Count One"), and one count of using and carrying firearms during and in relation to the racketeering offenses charged in Count One, in violation of 18

U.S.C. § 924(c) ("Count Two").  Count One charged various racketeering acts, including a conspiracy to murder Irving Wong in violation of New York Penal Law §§ 105.15 and 125.25.  The statutory maximum for conspiracy under § 105.15 to murder pursuant to § 125.25 is twenty-five years.  The petitioner was advised at his plea allocution that the maximum sentence for Count One was life imprisonment.

On May 7, 2003, the petitioner was sentenced to 220 months' imprisonment on Count One and a consecutive term of 60 months' imprisonment on Count Two, totaling 280 months.  A three-year term of supervised release and a $100 special assessment were also imposed.  The conviction was affirmed on appeal.

In his application for a certificate of appealability, the petitioner contends, among other arguments, that his trial counsel was ineffective for failing to invoke Apprendi v. New Jersey, 530 U.S. 466 (2000).  The petitioner argues that the statutory maximum for Racketeering Act One of Count One was only twenty-five years and that Apprendi was violated because he was exposed to the possibility of a higher sentence of life imprisonment based on an alleged factual finding by the Court that the conspiracy to murder Irving Wong charged in Racketeering Act One resulted in the actual death of the victim.  It should be noted that, at his plea allocution, the petitioner did admit that he provided assistance in the murder of Wong and

2

that he was informed that Wong was murdered. The petitioner argues that Apprendi was violated even though his actual sentence on Count One (220 months) was less than twenty-five years.

The Government should respond to the petitioner's application for a certificate of appealability by **July 31, 2012**. The petitioner may reply by **August 14, 2012**. In papers, the parties should address: (1) what the statutory maximum sentence was for Racketeering Act One of Count One; and (2) whether there is any issue warranting appellate review where a defendant is advised that he faces a sentence that is potentially higher than the statutory maximum for the offense to which he pleaded but where the defendant receives a sentence that is in fact below that statutory maximum.

SO ORDERED.

Dated: New York, New York
July 17, 2012

John G. Koeltl
United States District Judge

3